The next case on the call of the docket is agenda number three. Case number one, two, five, eight, eight, nine. People's Estate of Illinois v. Dominic K. Bochenek. Mr. Brian Lesser. Thank you for the appellant. Your Honor, counsel, may it please the court. My name is Brian Lesser. I'm from the law firm Gordon, Reese, Scully, and Manzacani, and I'm representing the appellant Dominic Bochenek today. In this case, Mr. Bochenek was convicted of identity theft after a trial in DuPage County. Before trial, defense counsel made a motion to dismiss based on improper venue because all the aspects of the case occurred in Lake County, Illinois. This is an appeal from the denial of that motion. Now, Article I, Section 8 of the Illinois Constitution grants every defendant a right to have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed. Now, Section T3 of the Place of Trial Statute extends venue for prosecution of identity theft to the county of the victim's residence in addition to the county where the crime allegedly occurred. Now, the problem here is that no aspect or element of identity theft when charged under subsection A1 occurs where the victim resides. Section A1 of the Identity Theft Provision states that identity theft occurs when a person knowingly uses any personal identifying information or personal identification document of another person to fraudulently obtain credit, money, goods, services, or other property. In this case, there's a great example where Dominique Bochenek used personal identifying information and a personal identification document, a credit card, at a gas station in Lake County to obtain goods, a carton of cigarettes. So the offense in its entirety began, occurred, and finished entirely within Lake County, Illinois. Therefore, for venue to be proper, it had to be in Lake County, Illinois. And this statute that extends venue to the county where the victim resides is conflicted with the constitutional requirement to have trial in the county where the crime allegedly occurred. Now, the Second District Appellate Court found that this statute was constitutional, and they based their argument based on the victim's possessory interest in their personal identifying information, stating that it was somehow inherently always tied to the victim's residence. But this is far-fetched, and it fails to connect the criminal conduct to the situs. It fails to connect any element of the offense to the county where the victim resides, which is what is required under the Constitution. Now, the Court recognized that the place-of-trial statute states that the legislature can provide exceptions as provided by law. But the place-of-trial statute is really a laundry list not of exceptions, but of clarifications, of clarifications of where crimes occur for the sake of providing venue. The legislature cannot, by mere legislative act, conflict with the Constitution. This is a well-established principle of the separation of powers. So they cannot, just by legislative act, provide exceptions to a constitutional right. They can only provide clarifications of where a crime occurs. And the appellant is putting forth that in this instance, the legislature overstepped its bounds and provided venue to a place where the crime did not occur. Sotomayor, what about the child abduction statute that provides that, in part, that the preferred place-of-trial shall be the county of residence of the lawful custodian? Is that also problematic? Well, if an element or aspect of the offense occurred there, then yes. So to the extent that a child was taken from their rightful home, that's probably an aspect of the offense, and so it probably would be a proper venue. I'm not an expert in the child abduction laws. No, I'm talking about the statute. The place-of-trial statute. Right, the place-of-trial statute. Yes. And there's any number of provisions in there that do not require any physical presence, but at least do connect the criminal conduct to the situs. So that likely is a proper venue. And the appellate court, in their decision, essentially misconstrued the argument as requiring physical presence, which is not required. Any number of examples, including money laundering, show that venue is proper without physical presence, that wherever that money is laundered through, the defendant does not need to be present for that to happen. But venue would be proper wherever that those funds are used. Counsel, may I ask you this question?  You've specifically narrowed your argument to the section 5-1-6, saying that that is unconstitutional, correct? Place-of-trial? Not the full statute, just subsection T3 of 5-1-6. Pardon? Only subsection T3 of that statute, not the entire place-of-trial statute. What about 725-6-36? Are you engaging in that section at all? That's the section that talks specifically about identity theft, 30 through 36, 1630 through 1636. And then 1636 specifically is venue for those kinds of crimes. And that statute also says that venue is appropriate where the person whose identification has been taken resides or his or her principal place of business. Are you attacking that statute as well? Well, Your Honor, in this instance we are not appealing that statute because it was not at issue in the trial or appellate courts. When the trial court was ruling on this motion, their ruling was based only on subsection T3 of the place-of-trial statute. So we were not trying to appeal and strike down two statutes at the same time. We were only requesting the statute that was the basis for venue in this case. Now, to the extent that this 1636 also provides venue, to the extent it provides venue for all the same reasons, it would be unconstitutional for all the same reasons. Mind you, we did not fully brief this issue because it wasn't used to find proper venue for Mr. Botchinick here. We do believe that it is probably unconstitutional. And to the extent this Court would like to call its validity into question in its opinion, I think that would be a proper remedy here, which could then be addressed in a later appeal or preferably by amendment by the legislature. What authority supports the idea that the venue provision must be rooted in an element of the offense? Primarily the language of the Constitution itself, that it has to be where the offense is alleged to have been committed. There are various cases. I believe I cited two. Clark is one. McClellan is another, which both basically say that an essential aspect of the offense has to occur there. And there are any number of Federal cases which have held similar arguments under the Federal right that an essential element of the offense has to occur in whatever jurisdiction is alleged to have venue. Doesn't in Illinois we've historically, your argument fails going all the way back to the 1818 Constitution dealing with the constitutional venue provisions, doesn't it? No, Your Honor. So venues change a lot in its role in due process and in our courts over the last 150 years. But it still is proper grounds to move to dismiss based on improper venue. That's held in statutes in several cases, including the Lagos. So it is proper grounds to move to dismiss if the venue is improper. The question here is entirely did the offense occur in the location? Now, the appellate court bases its decision largely on Watbee people, arguing that it's dispositive of the argument being put before the court. But it's not. It's entirely consistent with the argument I'm putting before the court today. Putting aside all those changes in due process that have occurred in terms of the role of venue, the court was essentially just holding when you commit murder on a train and the train passes through five counties, venue is proper in all five of those counties. It connects the criminal conduct to the venue. If anything, it does a great job by the legislature of connecting criminal conduct to the venue. It's as simple as murder occurs in Sangamon County, venue is proper in Sangamon County. It connects the criminal conduct to the situs. Here, there is no connection between the county of the victim's residence and identity theft when charged under Section A1. So there is no connection between the criminal conduct and the situs. And, counsel, this is sort of clear a facial challenge, correct? Yes, Your Honor. This is brought as a facial challenge because there are no set of circumstances under which Section T3 of the place of trial statute provides proper venue for prosecution under Section A1 of the identity theft statute. And, of course, the State's argument is there is an example where, let's say, the defendant takes a credit card and uses it at the gas station in the same county where the owner of the credit card resides. Yes, Your Honor. As the U.S. Supreme Court explained in the city of L.A. v. Patel, the conduct in order for a set of circumstances to warrant upholding a statute, the set of circumstances has to actually invoke the statute, the conduct being authorized or prohibited by the statute. There will always be a circumstance under which the statute is coincidentally proper. In this case, Cacos v. Butler was a great example where this Court struck down the change of the 12-person jury to six-person in civil trials. If both parties agree to a six-person jury, it would still be proper, but it wouldn't invoke the statute, which only is invoked when one party is not consenting to a six-person  jury. Similarly here, in the conduct which the State puts forth in their hypothetical, then it would be proper under Section T1 because all elements of the offense are occurring in that county. The reasoning to uphold Section T3 has to be because it is the victim's residence. There has to be the reasoning in order for that statute to actually be invoked, which is not possible here because there is no aspect connecting the victim's residence to the offense. Now, there are other forms of identity theft, including 8-3 and 8-4, in which obtaining the personal identifying information or personal identification document is an element of the offense. And in those instances, it is possible to extend venue potentially to the victim's residence. For example, in the public policy considerations that the State and the appellate court are worried about, which regard situations where, like, an elderly person is tricked into giving their information over the phone or something like that, wherever that phone is could be a proper venue because the criminal conduct is connected to that situs. But again, that is not necessarily the residence of the person. Their phone could be anywhere. If your e-mails are hacked and that is the grounds for the identity theft, wherever your laptop is is not necessarily in your home, but that location could be a proper venue. It connects the criminal conduct to the situs. It is not necessarily or inherently in the victim's residence. Just for fun, follow that one out for us. Let's say this is not a credit card used at a gas station. Let's think about the hacking of the e-mail account and then some nefarious bank transfer or something. Where does venue lie? Venue lies wherever those transfers occur, both in the use of the identifying information, also in the obtaining of the goods. I don't think there are people in, you know, the ether world here. Someone is they're getting into my computer somehow and they're moving numbers around without being in, not walking up to the bank. Where is venue proper? Again, Your Honor, you have to go back to the elements of the offense. So if they're being charged under 8-3 and they're obtaining that personal identifying information, your computer is here, this county would be a proper venue for that prosecution if it happens while you're here. There's always ways of determining this through IP addresses and technological ways, which if you're going to prosecute them, you would have to have that information. So you can always determine where and when it was occurred and taken from. And that location could be a proper venue, yes. It is not necessarily your residence in any way, though. But isn't your identity, isn't a person's identity totally within themselves? I mean, it's the person's identity. It's not the credit card that's their identity. It's the person that has the identity. Yes, Your Honor, and this is the biggest issue being put before the Court today. Are we going to base this based on these philosophical concepts of the inherent nature of identity? Or are we going to talk about things that actually exist? We're talking about physical credit cards. We're talking about someone's Social Security information. We're talking about actual things that actually exist, the use of telephones or computers, things that exist in physical places that are being used for criminal conduct. Those things provide proper venue. This inherent concept of our identity is not inherently tied to our residence, and it's not inherently tied to any of the criminal conduct. So, no, that cannot provide proper venue. But without the person's identity, it's useless. That credit card is not worth anything, or a Social Security number if there isn't a person behind that number. I don't think that's true, Your Honor. I think they steal information from dead people frequently. I'm not an expert in identity theft in that way, but I don't think the person has to even exist for that to happen. They could, if anything, create an identity. Things like that happen. So it's not inherently tied to the person or to their residence. It is, however, tied to actual information and documents. It is used through actual devices and things that exist in the physical world. Those things provide proper venue. Those are the criminal conduct which the Constitution requires to be connected to the venue. But if it isn't attached to a person, then you can create all kinds of identities that that person doesn't exist. All kinds of numbers and things like that without a person being involved in it. And I believe nefarious doers do that, Your Honor. And so there would be no victim's residence to even tie it to, which, again, supports the argument that the victim's residence is irrelevant. Unless there are any further questions. Questions? Thank you, Mr. Warren. Thank you, Your Honor. Mr. Lee, Evan Blake Elsner. Thank you, Your Honor. Good morning, Your Honor. May it please the Court. Counsel, I'm Assistant Attorney General Evan Elsner on behalf of the people of the State of Illinois. A defendant's case does not present this Court with a novel scenario. In fact, it's long been the rule, even before the adoption of the 1870 Illinois Constitution or Watt's interpretation of it, that a criminal act upon someone or something across county lines, a criminal act that harms someone across county lines, is aptly considered committed in both counties and trial may be had in either county. And that's been true from the age-old case of an assailant who throws a rock across county lines at a victim, where trial may be had in either county, to the more money laundering, for example, where trial may be had in any county that the money passes through. Now, the legislature under — if we look to the statute for identity theft, Section 1630, the legislature has defined each variant of A1 through A6, save for A5, which is a little bit different but not at issue here. It's defined each variant as some illegal taking or use or misuse of the personal identifying information of another person. The taking use or misuse, this misappropriation, isn't an unlawful act unto itself. It's an unlawful act upon something, upon the victim's identity, and therefore upon the victim. And so defendant has said here that there's no aspect of this crime that occurs in the county of the victim's residence, but by definition, there are always going to be at least two aspects to the location of this crime's commission, the place where the defendant himself acts, and the place from which the personal identifying information of another has been misappropriated. And so this crime is fundamentally moored to each of those locations. And Section 163 defines that latter place as the clarification about where that latter location is, the personal identifying information of another. And it makes intuitive sense. The person's identity resides with the person that it belongs to. And all the legislature has done here, then, under Section 163, is make explicit what we already could have discerned from the identity theft statute itself and the is that it occurs in both where the defendant acts and where the victim, and by extension, where the victim's identity reside. And when those counties differ, this is a classic case of a crime that is aptly considered committed in both counties and where trial may be had in either county. And I would remind this Court that its precedent in the Gilliam case doesn't talk about the elements of the offense as determinative. It talks about the essence of the crime. And the elements are certainly instructive, and it establishes the contours of what the offense is, but we look to more than that when determining where the crime occurs for purposes of venue. And I'd also remind this Court that Illinois is right in line with the vast majority of States here that approach identity theft in this way, in allowing for the prosecution of this crime in the county of the victim's residence. And an alternative approach, as proposed by defendant, would be way out of step with the vast majority of States, and it would lead to some pretty troubling consequences, including leaving each State's attorney powerless to prosecute identity thefts against, committed against his or her own residence when committed by an out-of-county or out-of-State actor. And in fact, it would declare open season on all Illinoisans who would be, because there would be no available venue to prosecute out-of-State actors who are committing identity thefts on individuals residing in Illinois. Defendant's case here provides an example of how we can understand identity theft to be committed in the county of the victim's residence. He stole a DuPage County resident's credit card from his car, which was parked in his driveway in DuPage County. He proceeded to spend the victim's money making charges on the victim's credit card. He happened to cross the border over into Lake County during his spending spree, and he used the victim's credit card at a gas station to buy cigarettes. And to be sure, that use of the credit card is the act of identity theft for which defendant was charged. But as much as defendant would like to narrow the scope of this case and trivialize the act of identity theft into just a case of a physical card swipe, the reality is that the act of identity theft misappropriated the victim's identity away from the place where it lawfully resided, and that was with the victim in DuPage County. And as a practical matter, the effect of that criminal conduct is also instructive. The victim, DuPage County resident, wakes up in DuPage County having incurred credit card debt and financial harm as a direct result of the defendant's conduct. And so it's not inapt to view this criminal conduct, this identity theft conduct, as having been committed in both counties and allowing for trial to be proper in either county. Now, the State certainly maintains that as a threshold problem for a defendant's constitutional challenge, this Court's precedent in Watt interpreted Article I, Section 8 differently, that it's not an unyielding rule requiring or effectuating the traditional common law rule that crimes are prosecuted strictly and exclusively where they're committed. But what makes this case easy for this Court here today is that even under defendants' reading of Article I, Section 8, the essence of the crime of identity theft, the nature of the offense as defined by the legislature and as clarified by multiple additional statutory provisions reflecting the legislature's intent here and its clarifications, makes clear that this crime is committed both at the place where the accused physically acts and at the place where the identity or the victim's identity resides and must be left undisturbed. And the appellate court below correctly found that either of these arguments, either the Watt argument or the latter argument about identity theft's commission in both of these locations, is a basis for upholding the constitutionality of Section 163, and this Court should as well. Kagan. They answer the question I asked your opponent here. We're focusing on the one that is called 5-1-6t. There also is this other statute, apparently passed at the same time, effective 2015, 5-1636, specifically about identity theft venue and signs venue as to be where a person resides or their business is. Why are there two statutes, and how do they work together? Your Honor, I believe that Section 1636 is part of the overall subdivision of the Code on identity theft, and the legislature really was treating, was clarifying its intent to treat this as a crime that we approach from the perspective of the victims, that this isn't just a matter of the physical act of using someone's information. It's about understanding where that information resides, and it's with the victim. And so it does essentially what Section 163 does, but I think that its value here is in how it reflects the legislative intent about what the essence of this crime is, and that it's a crime committed, that's always committed when it's misappropriating someone's personal identifying information in that victim's county of residence. I would add, Your Honor, that you've correctly identified that Defendant did fail to make a challenge against Section 1636 and has therefore forfeited it before this Court, and he's argued, forfeited a constitutional challenge to it before this Court, and he's argued that he's somehow, his facial challenge is somehow constrained by what he argued in the trial court, but as a facial constitutional challenge, he was free to make that challenge in the appellate court, which he failed to do, and before this Court, which he has again failed to do. And so he has forfeited that, a challenge against that statute. Very briefly, Your Honors, I wanted to point out in terms of constitutionally valid applications of Section 163, assuming that Article I, Section 8, reads the way Defendant interprets it, which we dispute, there are numerous constitutionally valid applications of this venue provision. As we've identified, the case of an entirely intra-county offense is an example of a constitutionally valid application, and Defendant argues that this is an example where Section 163 is not being applied, but the fact of the matter is that's an example in which all three subsections of 16T are being applied with equal validity and equal constitutional validity. Section 161, 162, and 163 would all be applicable in that scenario, and they would all be valid. But that's certainly not the only example of a constitutionally valid application here. Defendant himself concedes that 163 can be constitutionally valid as applied to subsections 1630a3 and a4 of the identity theft, of the identity theft statute, and so that in and of itself is fatal to a facial challenge. He has identified in both his reply brief and today constitutionally valid applications of 163. We've noted in our briefs, and the appellate court relied on below, the example of an out-of-State actor, in which case 163 provides the only available venue for an Illinois State's attorney to prosecute an instance of identity theft committed upon an individual residing in Illinois. And so that would be, again, another example of a constitutionally valid application. And I would also, I would add that even assuming that defendant is correct here, that section 163, we need to think of an example of 163 that's constitutionally valid when being applied specifically to 1630a1, a use of somebody's personal identifying information, which is, which is deviating pretty substantially from what a facial challenge is. We're talking pretty much about the facts as applied to someone like defendant and treads much closer towards an as-applied challenge rather than the facial challenge that he claims that he's making. Justice Tice has identified a very apt example of this, the case of a phishing scheme, which is what we see more and more in today's world committed sometimes against people who are elderly and don't quite understand what's happening at the time. And so we take that example, and that phishing scheme is usually an example of two instances of identity theft committed back-to-back. An individual commits the additional act of obtaining someone's personal information, identifying information, which would be an act of identity theft under sections 1630a3 and a4, and then they turn around and communicate that information directly back to their victim, that same victim, impersonating their financial institution or someone that they know, and use that information in order to gather more information from them or to potentially ultimately take their money. So that's an example where we would see the use of the information against the victim, him or herself, in a direct communication, and in that, by e-mail or by text or what have you, and in that instance, it would not be an act to understand that offense as having been committed both in the county where the offender is sitting behind his or her computer screen typing e-mail and also in the county where the victim resides, where the individual is receiving that e-mail and being victimized, providing additional personal identifying information or possibly even giving direct access to his or her accountants. Unless this Court has any further questions, we would ask that it affirm the decision of the lower court, of the appellate court, and affirm defendant's convictions. Thank you, Mr. Valesky. Mr. Lesser, you can proceed. Yes, Your Honor. As an initial matter, I believe my opposing counsel misstated a material fact of the case, namely that the defendant, Mr. Botchinick, was not accused of theft or stealing the credit card in this case. There was no evidence presented that he broke into Mr. Fattigatto's vehicle or that he was responsible for stealing it. All allegations were that another person did that and later provided the card to the defendant, Botchinick. As another point, opposing counsel is worried about the public policy ramifications here of exposing Illinois residents to identity theft and suggesting that if this provision were to be struck down, it would expose Illinois residents to identity theft without any recourse for prosecution. But this is completely untrue and contrary to the situation about phishing, which is someone's opening an e-mail, essentially claiming to be somebody else. It leads to them having their information stolen. We completely agree that the place where that e-mail is read would also be a proper venue. That that would also connect the criminal conduct to the situs. But the place where that e-mail is read is not inherently the victim's residence. It's the place the e-mail is read on someone's computer, which could not be in your house. It could be anywhere. And that is easily discernible information, especially if you're going to bring a prosecution against someone. You can tell exactly where and when that e-mail was read. So that, again, is not the victim's residence. It's a physical thing that actually exists. It is not tied to these philosophical concerns about the nature of identity. Counsel talked about philosophical concerns, but isn't the essence of the crime, isn't that a philosophical consideration? So this is a term in that, again, we don't need to resort to the philosophical concerns of. We have elements of the offense. We know exactly what constitutes the crime, what is the defendant's conduct, which is being put forth to the court. And so wherever that conduct is and is tied to is the essence of the offense. That's what we're putting forth, that it's not these lofty concerns about the nature of identity. It's about what the defendant actually did and is accused of doing and where those things happened. Now, opposing counsel also puts forth Section 1636 of the identity theft provision. We were not arguing that our argument was waived in the brief. We were arguing that their argument is waived. Notably, Section T3 was the only one used to find proper venue in the lower courts. So Section 1636 cannot now be used as an alternative provision to find proper venue for Mr. Botchinick. So that argument is waived by the State. So if Section T3 is struck down, Mr. Botchinick's conviction would have to be dismissed and 1636 cannot provide an alternative at this stage, so it would not be an advisory opinion. And as my last point, this is indeed a facial challenge rather than an as-applied challenge, because this is a challenge to the statute itself.  If we were to extrapolate, there is no question here that the trial judge relied on Section T3 to find proper venue and that Section T3 provides venue in this situation. The question is entirely, is this statute constitutional? Is it consistent with the constitutional right? Which we put forth that it is not and that it would be completely unreasonable to require an as-applied challenge here. If we were to extrapolate the statute a little bit to say that venue is proper in the county of the victim's residence for all crimes, all crimes are going to have some kind of effect or harm or essence tied to the victim's residence, if you are murdered or any kind of bad thing happens to you, your residence is going to be affected in some way, but that's not where the crime occurs. That's not where the defendant's conduct is, and so it would be unreasonable to have an as-applied challenge for every single crime against this venue provision. The question is entirely, is the provision as written consistent with the constitutional right, which we put forth it is not. Is there any further questions, Your Honor? I have a question. Yes. Mr. Valesky, you indicated in your brief that you are not an assistant State public defender, that you're handling this case pro bono. Can you explain to us how you got into this case? I'm a former assistant public defender through the OSAD. Got it. I've switched into public private practice since then, but this is a case that I believed in and I wanted to put forth to the Court. Is that all? Thank you. All right. Thank you. Case number 125889, People of the State of Illinois v. Dominic Bochenek, will be taken under advisement as agenda number three. Thank you, Mr. Lesser and Mr. Elsner, for your arguments this morning.